IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HEBERT, individually and on behalf of all others similarly situated,** | : | |
| | : | |
| *Plaintiffs,* | : | NO. 2:17-CV-00852-GCS-KAJ |
| | : | |
| vs. | : | |
| | : | |
| **CHESAPEAKE OPERATING, INC. AND CHESAPEAKE OPERATING, LLC,** | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

**DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants Chesapeake Operating, Inc. and Chesapeake Operating, LLC ("Defendants"), by and through their undersigned counsel, file this Answer and Additional Defenses to the First Amended Class and Collective Action Complaint ("Complaint") filed by Joseph Hebert ("Plaintiff"). Defendants respectfully state and allege as follows:

**I.      SUMMARY**

1.      Defendants admit that Plaintiff purports to bring this action to recover allegedly unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA") and Ohio law.  Except as expressly admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

2.      Answering Paragraph 2 of the Complaint, the use of the terms "worked for" are ambiguous and subject to multiple meanings, and therefore Defendants deny Plaintiff worked for Defendants. Defendants admit that Plaintiff performed certain contracted services as a "company man" for the ultimate benefit of Defendants.

3. Defendants are without sufficient knowledge or information to admit or deny as to whether Plaintiff sometimes worked more than 40 hours in a week, and therefore such allegations are denied. The use of the terms "other workers like them" and "regularly worked for" are ambiguous; therefore, except as expressly admitted, Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint are ambiguous as to whom Plaintiff refers, and therefore Defendants are without sufficient knowledge or information to admit or deny, and therefore such allegations are denied.

5. The allegations in Paragraph 5 of the Complaint regarding "those similarly situated workers" are ambiguous as to whom Plaintiff refers, and therefore Defendants are without sufficient knowledge or information to admit or deny, and therefore such allegations are denied. Defendants deny Plaintiff was "improperly" classified or paid.

6. The allegations in Paragraph 6 of the Complaint are ambiguous as to whom Plaintiff refers, and therefore Defendants are without sufficient knowledge or information to admit or deny, and therefore such allegations are denied.

## II. JURISDICTION AND VENUE

7. Defendants admit that the Court has subject-matter jurisdiction over this lawsuit but deny violating any laws supporting a claim for relief by Plaintiff and deny that this lawsuit is properly maintained as a class or collective action. Except as expressly admitted, Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants deny that this Court has jurisdiction over Plaintiff's state law claims under either the Class Action Fairness Act, 28 U.S.C. § 1332(d), or 28 U.S.C. §1367.

9. Defendants admit that venue could lie in this Court, but deny the remaining

allegations of Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, the use of the terms "performed work" are ambiguous and subject to multiple meanings, and therefore Defendants deny Plaintiff worked for Defendants. Defendants admit that Plaintiff performed certain contracted services as a "company man" in Cadiz, Ohio (Harrison County). Defendants further admit that Chesapeake Operating, LLC as a successor to Chesapeake Operating, Inc. conducts business operations in this District and Division. Except as expressly admitted, Defendants deny the allegations in Paragraph 10 of the Complaint.

### III. THE PARTIES

11. Answering Paragraph 11 of the Complaint, the use of the terms "worked for" are ambiguous and subject to multiple meanings, and therefore Defendants deny Plaintiff worked for Defendants. Defendants admit that Plaintiff performed certain contracted services as a "company man" for the ultimate benefit of Defendants.

12. Answering Paragraph 12 of the Complaint, Defendants deny they employed Plaintiff. Defendants are without sufficient information to admit or deny whether any of the stream of sub-contractors beneath Defendants, including Plaintiff's company, paid him a day-rate or classified him as an independent contractor, and therefore deny the allegations in Paragraph 12.

13. Defendants admit that a document purporting to be a Consent to Join Wage Claim dated July 21, 2017 was attached as Exhibit A to the original Complaint filed by Plaintiff. Except as expressly admitted, Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff purports to bring this action on behalf of himself and "similarly situated workers." The remaining allegations in Paragraph 14 of the Complaint

3

are ambiguous as to whom Plaintiff refers, and therefore Defendants are without sufficient knowledge or information to admit or deny, and therefore such allegations are denied.

15. Defendants admit that Plaintiff seeks to certify a class of allegedly similarly situated individuals or putative class members. Defendants deny that this case is properly maintained as a collective action or class action, deny that the class as pled is appropriate, deny that Plaintiff is similarly situated to any or all of the persons who could fall within the class definition, and further deny all remaining allegations in Paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff seeks certification of a class under Fed. R. Civ. P 23 under the Ohio Wage Acts. Defendants deny that this case is properly maintained as a class action and deny all remaining allegations in Paragraph 16 of the Complaint.

17. Chesapeake Operating, Inc. denies that it currently does business as an Oklahoma corporation throughout the United States. Defendants admit the remaining allegations of Paragraph 17 of the Complaint.

18. Chesapeake Operating, LLC as a successor to Chesapeake Operating, Inc. admits the allegations of Paragraph 18 of the Complaint.

### IV. COVERAGE UNDER THE FLSA

19. The allegations in Paragraph 19 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20. The allegations in Paragraph 20 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21. The allegations in Paragraph 21 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22. The allegations in Paragraph 22 of the Complaint consist of legal conclusions to which no response is required. Further, the definition of the Putative Class Members is

overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint consist of legal conclusions to which no response is required. Further, the definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 24 of the Complaint.

## V.  FACTS

25. Defendants admit that an online corporate fact sheet sets forth certain information recited in Paragraph 25 of the Complaint.

26. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants are further without sufficient information to admit or deny whether any of the stream of sub-contractors beneath Defendants, including Plaintiff's company, paid him a day-rate or classified him as an independent contractor. Defendants deny the allegations in Paragraph 27.

28. Answering Paragraph 28 of the Complaint, Defendants admit that Plaintiff may have performed certain contracted services as a "company man" for the ultimate benefit of Defendants from approximately January 2014 to January 2016. Defendants are further without sufficient information to admit or deny whether any of the stream of sub-contractors beneath

5

Defendants, including Plaintiff's company, paid him a day-rate or classified him as an independent contractor. Therefore, Defendants deny these and any other remaining allegations in Paragraph 27..

29. Defendants admit that Plaintiff's contracted responsibilities included monitoring drilling operation and activities at certain field locations, but deny the remaining allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 of the Complaint are ambiguous and therefore Defendants are without sufficient knowledge or information to admit or deny, and therefore such allegations are denied.

40. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, and therefore such allegations are denied.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint as it relates to Plaintiff. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations in the remaining sentences of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 44 of the Complaint as it relates to Plaintiff. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations in the remaining sentences of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint as it relates to Plaintiff. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations in the remaining sentences of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Further, the allegations in Paragraph 50 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint.

51. The term "contractors" is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Therefore, Defendants deny the allegations of Paragraph 51 of the Complaint.

52. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

## VI. FLSA VIOLATIONS[1]

54. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Answering the allegations of numbered paragraph 56 of the Complaint, Defendants specifically deny violating any laws or engaging in any conduct that support a claim for relief by Plaintiff. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 56 of the Complaint.

## VII. OHIO WAGE ACT VIOLATIONS

57. Defendants admit that Plaintiff purports to bring this action under the Ohio Wage Act as a Rule 23 class action. Defendants deny violating any laws supporting a claim for relief

---

[1] Plaintiff's Headings of his Complaint do not require responses. However, Defendants specifically deny the allegations contained in Plaintiff's headings.

by Plaintiff and deny that this lawsuit is properly maintained as a class or collective action. Except as expressly admitted, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants specifically deny that Plaintiff was an employee for purposes of the Ohio Wage Act. As it relates to the Plaintiff, Defendants deny they were subject to the requirements of the Ohio Wage Act as alleged in Paragraph 59 of the Complaint.

60. As to Plaintiff, Defendants deny the allegations of Paragraph 60 of the Complaint. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers.

61. Defendants admit that the Ohio Wage Act requires certain overtime pay as to covered employers and employees. The definition of the Ohio Wage Act Class is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants admit that Plaintiff purports to bring this action to recover allegedly unpaid overtime wages and other damages pursuant to Ohio law. The definition of the Ohio Wage Act Class is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Answering the allegations of numbered paragraph 64 of the Complaint, Defendants admit Plaintiff seeks damages against Defendants, but specifically deny violating any laws or engaging in any conduct that support a claim for relief by Plaintiff. The definition of the Ohio Wage Act Class is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Except as expressly admitted, Defendants deny the allegations in

Paragraph 64 of the Complaint.

## VIII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

65. Answering Paragraph 65 of the Complaint, Defendants incorporate all of the preceding paragraphs of this Answer as though fully set forth herein. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny all remaining allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint, and therefore such allegations are denied.

69. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

75. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. The allegations in Paragraph 77 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

78. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Defendants deny the allegations in Paragraph 78, including subparts (a)-(f), of the Complaint.

79. The definition of the Putative Class Members is overbroad and ambiguous, and Defendants are not able to determine to whom Plaintiff refers. Further, the allegations in Paragraph 79 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint, and therefore such allegations are denied.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

## IX. JURY DEMAND

82. Answering Paragraph 82, Defendants admit that Plaintiff demands a jury trial. Defendants deny that Plaintiff is entitled to a jury trial on all claims.

## X. RELIEF SOUGHT

83. Defendants deny that Plaintiff is entitled to any relief sought in Paragraph 83 and all subparts thereto of the Complaint.

All allegations in the Complaint not expressly admitted are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendants plead as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants are neither Employers nor Joint-Employers of Plaintiff. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRD DEFENSE

Plaintiff's claims, or the claims he seeks to assert on behalf of others, must fail to the extent that they are barred by the applicable statute of limitations. The statute of limitations under the FLSA is two years, unless Plaintiffs can prove a willful violation of the FLSA (in which case the statute of limitations is three years). Plaintiff's claims do not arise out of a willful violation. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**FOURTH DEFENSE**

Plaintiff's claims, or the claims he seeks to assert on behalf of others, for liquidated damages must fail as Defendants at all times acted in good faith to comply with the law and with reasonable grounds to believe that their actions did not violate the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**FIFTH DEFENSE**

Plaintiffs' claims, or the claims he seeks to assert on behalf of others, are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administration practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**SIXTH DEFENSE**

Plaintiff's claims, or the claims he seeks to assert on behalf of others, are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**SEVENTH DEFENSE**

To the extent applicable, Plaintiff's claims, or the claims of purported class members, are barred by waiver, release, estoppel, unclean hands, and/or laches.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for under federal law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**NINTH DEFENSE**

Some of Plaintiff's activities do not constitute compensable work time because they were not an integral and indispensable part of the Plaintiff's principal work activities, and they, therefore, were not compensable. This defense may also apply to the claims of some or all of the alleged putative class members.

**TENTH DEFENSE**

Some of Plaintiff's activities were not compensable work because they were preliminary and/or postliminary to his principal work activities, and they therefore were not compensable. This defense may also apply to the claims of some or all of the alleged putative class members.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the *de minimis* doctrine. This defense may also apply to the claims of some or all of the alleged putative class members.

**TWELFTH DEFENSE**

To the extent that Plaintiff's FLSA claims are not dismissed, the effective date of the Complaint for Plaintiff, for purposes of determining the relevant time period of this action, is the date his Notice of Consent was filed with the Court. This defense also applies to the claims of some or all of the class of allegedly similarly situated persons.

**THIRTEENTH DEFENSE**

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because there was no misclassification of any Plaintiff or putative class or collective action

members. The Plaintiff and putative class or collective action members meet the tests for independent contractor.

## FOURTEENTH DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff, and/or some or all of the putative class or collective action members whom Plaintiff seeks to represent contracted to submit all claims against Defendants and/or their respective payees to binding arbitration, and, therefore, their exclusive remedy is through final and binding arbitration.

## RESERVATION OF RIGHTS

Defendants hereby reserve the right to assert any affirmative or additional defenses they discover during the course of this litigation and pray that the Court afford them leave to amend their Answer and Additional Defenses upon a timely motion requesting the ability to do the same.

WHEREFORE, having fully answered, Defendants pray that this action be dismissed, that Plaintiff and the individuals that Plaintiff seeks to represent take nothing, that Defendants be awarded their costs and reasonable attorneys' fees, and that Defendants have such other and further relief, general and specific, legal and equitable, to which they are justly entitled.

Dated: November 15, 2017　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Alex Frondorf*
　　　　　　　　　　　　　　　　　　　　Alex R. Frondorf (0087071)
　　　　　　　　　　　　　　　　　　　　afrondorf@littler.com
　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.
　　　　　　　　　　　　　　　　　　　　1100 Superior Avenue, 20th Floor
　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio  44114
　　　　　　　　　　　　　　　　　　　　216.696.7600 (Telephone)
　　　　　　　　　　　　　　　　　　　　216.696.2038 (Facsimile)

　　　　　　　　　　　　　　　　　　　　David B. Jordan (Attorney-in-Charge)
　　　　　　　　　　　　　　　　　　　　State Bar No. 24032603
　　　　　　　　　　　　　　　　　　　　S.D. Tex. No. 40416
　　　　　　　　　　　　　　　　　　　　djordan@littler.com
　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　Allison C. Williams
　　　　　　　　　　　　　　　　　　　　State Bar No. 24075108
　　　　　　　　　　　　　　　　　　　　S.D. Tex. No. 1138493
　　　　　　　　　　　　　　　　　　　　acwilliams@littler.com
　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.
　　　　　　　　　　　　　　　　　　　　1301 McKinney Street, Suite 1900
　　　　　　　　　　　　　　　　　　　　Houston, Texas  77010
　　　　　　　　　　　　　　　　　　　　713.951.9400 (Telephone)
　　　　　　　　　　　　　　　　　　　　713.951.9212 (Facsimile)

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS
　　　　　　　　　　　　　　　　　　　　CHESAPEAKE OPERATING, INC.
　　　　　　　　　　　　　　　　　　　　AND CHESAPEAKE OPERATING, LLC

## CERTIFICATE OF SERVICE

I certify that on November 15, 2017, I filed the foregoing document via the Court's electronic filing system, which will automatically serve notice on the following counsel of record.

Robert E. DeRose, II
BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP
250 E. Broad St., 10th Floor
Columbus, Ohio  43215
bderose@barkanmeizlish.com

Michael A. Josephson
FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON
1150 Bissonnet St.
Houston, Texas  77005
mjosephson@fibichlaw.com

Richard M. Schreiber
ELLIS, KOENEKE & RAMIREZ, LLP
1101 Chicago Avenue
McAllen, Texas  78501
rick@ekrattorneys.com

*Attorneys for Plaintiff*

/s/ Alex F. Frondorf
Alex R. Frondorf

Firmwide:151029264.5 095604.1001