# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HEBERT, individually and on behalf of all others similarly situated, | § § § § § § § § § § § § § | |
| *Plaintiffs*, | | NO. 2:17-CV-00852-GCS-KAJ |
| v. | | |
| CHESAPEAKE OPERATING, INC. AND CHESAPEAKE OPERATING, LLC, | | |
| *Defendants*. | | |

## AGREED CLAWBACK ORDER

Pursuant to Federal Rules of Evidence 502(d) and (e), Plaintiff Joseph Hebert ("Plaintiff") and Defendants Chesapeake Operating, Inc. and Chesapeake Operating, LLC ("Chesapeake" or "Defendants") (hereinafter, the "Parties") agree to and the Court orders the protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings), as follows:

a. The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

b. The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c. If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

    i. the Receiving Party shall: (A) refrain from reading the Protected

Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product Protected Documents.

    ii. If the Producing Party intends to assert a claim of privilege or other protection over documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d. If, during the course of this litigation, a party determines it has produced a Protected Document:

    i. the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain

        privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    ii.    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e.    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and (d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f.    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    i.    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    ii.    the disclosure of the Protected Documents was not inadvertent;

    iii.    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    iv.    the Producing Party failed to take reasonable or timely steps to rectify the error.

g.    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

i. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.

j. By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of Federal Rules of Evidence 502 (d) and (e).

IT IS SO ORDERED.


Date: February 12, 2018 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2018

Agreed By:

/s/*Michael A. Josephson*
Michael A. Josephson
Josephson Dunlap Law Firm
11 Greenway Plaza
Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
Texas State Bar No. 24014780

Richard M. Schreiber
Josephson Dunlap Law Firm
11 Greenway Plaza
Suite 3050
Houston, Texas 77046
rschreiber@mybackwages.com
Texas State Bar No. 24056278

Robert E. DeRose, II
Barkan Meizlish Handelman Goodin DeRose Wentz, LLP
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
bderose@barkanmeizlish.com
Bar No. 0055214

ATTORNEYS FOR PLAINTIFFS JOSEPH HEBERT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

/s/ David B. Jordan
David B. Jordan (Attorney-in-Charge)
State Bar No. 24032603
S.D. Tex. No. 40416
djordan@littler.com
Allison C. Williams
State Bar No. 24075108
S.D. Tex. No. 1138493
acwilliams@littler.com
State Bar No. 24087255
S.D. Tex. No. 2330468
pcantrell@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

Alex R. Frondorf
afrondorf@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio 44114
216.696.7600 (Telephone)
216.696.2038 (Facsimile)

ATTORNEYS FOR DEFENDANTS CHESAPEAKE OPERATING, INC. AND CHESAPEAKE OPERATING, LLC