# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOSEPH HEBERT, individually and on behalf of all others similarly situated,** § § § § *Plaintiffs,* § § **vs.** § § **CHESAPEAKE OPERATING, INC. AND CHESAPEAKE OPERATING, LLC,** § § § § *Defendants.* § § | **NO. 2:17-CV-00852-GCS-KAJ** |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties in the above-captioned matter agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials;

**WHEREAS**, the parties agreed to produce such documents only on the agreement that such "Confidential Information" will be disclosed only as provided herein;

**WHEREAS**, the parties agreed to stipulate to protect certain protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production;

**WHEREAS**, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings;

**WHEREAS**, the parties agreed that disclosure and discovery activity in this litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted;

**WHEREAS**, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to information or items that are entitled under the applicable legal principles to treatment as confidential;

**THEREFORE**, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED THAT:

1) This Protective Order will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2) The parties assert and stipulate that documents regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) potentially relevant to this litigation contain or constitute proprietary information such as compensation plans, company policies, collective bargaining agreements, company procedures, personal information related to Plaintiff (including health information and/or medical records), and other sensitive data and information that is not generally available in the public domain ("Confidential Information"). "Confidential Information" shall include: any type or classification of information, whether originals, copies, or in redacted form, or whether in oral deposition testimony (transcript or videotape); interrogatory responses or responses to request for admission consisting of business or financial records; documents containing trade secrets or proprietary information; personnel records; information about current, past, or prospective employees that is of a confidential or private nature, records or information on financial information of the parties; and any other writing as defined by the Rules of Evidence, reflecting

confidential, commercial or personal information that counsel for any of the parties has in good faith designated as confidential. Subject to otherwise proper objections, the Parties agree to produce such documents in accordance with this Agreed Protective Order ("Order").

3) The protections conferred by this Stipulation and Order cover not only Confidential Information, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties, counsel, or others permitted to review and/or access the Confidential Information as described herein to or in Court or in other settings that might reveal Confidential Information.

4) Any party may mark a document produced as "CONFIDENTIAL" if it deems the document contains Confidential Information, and any such designation may later be objected to by any other party, following the procedure outlined below. A party shall designate as "CONFIDENTIAL" only documents that contain material which that party reasonably and in good faith believes is Confidential Information and entitled to protection.

5) No party is obligated to challenge the designation as "CONFIDENTIAL" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve such dispute in good faith, by exchanging written letters or e-mails on the matter. If the dispute cannot be resolved, the party seeking the CONFIDENTIAL designation shall move the Court for an order confirming the confidential status of such information. In any such motion, counsel must attach all written letters and emails that the Parties exchanged in an attempt to resolve the matter without Court intervention. The information shall be treated as Confidential Information until such time as the Court rules on the motion.

6) A party disclosing or producing information, documents, or things in this litigation, which it believes to be Confidential Information under the standard provided herein shall so designate by (1) applying the legend "CONFIDENTIAL" in a conspicuous place on each

page of any copies of the document(s) to be supplied to the other parties, or (2) identifying the document(s) or information with a reasonable degree of specificity in a letter to all other counsel and requesting that such documents or information be treated as Confidential Information within the meaning of this Order. Any such designation shall be made at the time of disclosure, or reasonably soon thereafter. Nothing in the Order prevents any party from retroactively designating documents produced prior to this order as Confidential Information in accordance with the terms of this agreement.

7) Confidential Information shall be disclosed only to: the parties; the parties' counsel of record in this litigation (including attorneys of their firms, and secretarial, clerical, and paralegal employees of such counsel); and testifying or consulting expert witnesses expressly retained by the parties' counsel for purposes of this lawsuit. The phrase "testifying or consulting expert witnesses" in the prior sentence does not include attorneys, unless such attorneys have agreed in writing to be jointly responsible for representation of the party, and the party has consented in writing to such an arrangement.

8) Any person to whom the Confidential Information is shown or to whom information contained in such materials is to be revealed, shall first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit "A" to this Order. As to each person to whom any portion of the Confidential Information is revealed or shown pursuant to this Order, such information may be used only for purposes of litigation in the above-captioned case, and may not be used for any other purpose or litigation, unless approved by an order from this Court or otherwise agreed to by the parties.

9) Deposition testimony may be designated as Confidential Information by so advising the court reporter at the time of the deposition. Any party may subsequently designate all or certain portions of a transcript as Confidential Information within 20 calendar days after the final transcript is prepared and circulated by the court reporter.

10) Within sixty (60) calendar days of conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity that

obtained Confidential Information shall assemble it and return it to the party that produced it or certify in writing that it has been destroyed. However, materials constituting work product of counsel of record may be retained by counsel. No originals, copies, summaries or other embodiment of Confidential Information shall be retained by any person or entity to whom disclosure was made.

11) Before any document marked as CONFIDENTIAL is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. If the non-designating party anticipates disclosing Confidential Information, or a document marked CONFIDENTIAL, in any pleading, motion, or other paper filed with the Court, such party must move for leave from the Court to file such CONFIDENTIAL document(s) under seal before disclosing it. The Court will authorize the filing of materials under seal only upon express leave of Court, only upon a showing of good cause, and only to the extent necessary to preserve legitimate confidentiality concerns. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the Civil and Local Rules or Court order. In the alternative, if the party that wishes to file the document is the same party that first deemed the document CONFIDENTIAL, then the party may de-designate the document by filing it with the Court. Unless the Court orders otherwise for compelling reasons shown, the official transcript of proceedings in open court will not be sealed.

12) Nothing in the Order shall waive or modify any past, present, or future duty regarding confidentiality, if any, which may arise independently, whether by contract or otherwise.

13) The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

14) Once executed by all parties, the Stipulation shall be treated by the parties as an Order of Court until it is formally approved by the Court.

[SIGNATURES ON NEXT PAGE]

STIPULATED TO THIS 22ND DAY OF FEBRUARY 2018.

Dated: February 22, 2018                                Respectfully submitted,

/s/*Michael A. Josephson*
Michael A. Josephson
 Josephson Dunlap Law Firm
11 Greenway Plaza
Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
Texas State Bar No. 24014780

Richard M. Schreiber
Josephson Dunlap Law Firm
11 Greenway Plaza
Suite 3050
Houston, Texas  77046
rschreiber@mybackwages.com
Texas State Bar No. 24056278

Robert E. DeRose, II
Barkan Meizlish Handelman Goodin DeRose Wentz, LLP
250 E. Broad St., 10th Floor
Columbus, Ohio  43215
bderose@barkanmeizlish.com
Bar No. 0055214

/s/ *David B. Jordan*
David B. Jordan (Attorney-in-Charge)
State Bar No. 24032603
S.D. Tex. No. 40416
djordan@littler.com
Allison C. Williams
State Bar No. 24075108
S.D. Tex. No. 1138493
acwilliams@littler.com
State Bar No. 24087255
S.D. Tex. No. 2330468
pcantrell@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010

Alex R. Frondorf
afrondorf@littler.com
LITTLER MENDELSON, P.C.
1100 Superior Avenue, 20th Floor
Cleveland, Ohio  44114
216.696.7600 (Telephone)
216.696.2038 (Facsimile)

ATTORNEYS FOR PLAINTIFFS JOSEPH HEBERT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

ATTORNEYS FOR DEFENDANTS CHESAPEAKE OPERATING, INC. AND CHESAPEAKE OPERATING, LLC

    IT IS SO ORDERED.

Date:  February 23, 2018                                /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## PROTECTIVE ORDER ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the Protective Order ("Protective Order") in *Joseph Hebert, individually and on behalf of all others similarly situated, v. Chesapeake Operating, Inc. and Chesapeake Operating, LLC*, Case No. 2:17-CV-00852-GCS-KAJ ("Civil Action"). I certify that I am an appropriate person for receipt of Confidential Information under the Protective Order. I understand and agree to be bound by the terms of the Protective Order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the Protective Order. I understand and agree that my use of any Confidential Information shall only be for purposes relating to the above-titled litigation including the prosecution, defense, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action, in accordance with the provisions of the Protective Order.

I also agree that upon being informed of the termination or settlement of this action, I will destroy or surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the Protective Order. By signing this Non-Disclosure Agreement, I stipulate to the jurisdiction of the United States District Court for the Southern District of Ohio to enforce the terms of this Agreement.

Dated: _____            _____

                                                                                         [Signature]

                                                                                       _____

                                                                                        [Print Name]