## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HEBERT, individually and on behalf of all others similarly situated,** | § § § § | |
| *Plaintiffs,* | § § | **NO. 2:17-CV-00852-GCS-KAJ** |
| **vs.** | § § | |
| **CHESAPEAKE OPERATING, INC. AND CHESAPEAKE OPERATING, LLC,** | § § § § § § | |
| *Defendants.* | § § | |

### PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

**I.     Introduction.**

On April 10, 2018, the Parties agreed to toll the statute of limitations for the FLSA Putative Class Members. ECF No. 33. After numerous requests by Chesapeake to reschedule, the Parties eventually mediated the case on November 12, 2018. Mediation was unsuccessful. Given Chesapeake's several pleas to push back and reschedule mediation, tolling is appropriate and should run from the Court's Order Granting Joint Motion to Stay All Proceedings, Toll the Statute of Limitations, and Mediate the Case on April 18, 2018 (ECF No. 34) through the notice period.

**II.     The Tolling Standards are Easily Met.**

FLSA claims are particularly vulnerable to the law's running statute of limitations. Each employee's statute of limitations under the FLSA continues to run until the filing of his or her written consent. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (internal citations omitted). Under the Sixth Circuit, the principal value animating the common law doctrine of equitable tolling is the preservation of potentially meritorious claims. *See Jones v. TransOhio Savs. Ass'n*, 747 F.2d

1

1037, 1039 (6th Cir. 1984) ("Repeatedly throughout our judicial history, the Supreme Court has approved the application of equitable tolling to the statutes of limitations to prevent unjust results").

The decision to equitably toll the statute of limitations ultimately rests within the discretion of the court and should be made on a case-by-case basis. *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007). The Sixth Circuit has set forth the following five factors to guide a court's inquiry on equitable tolling:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's legal rights; 4) absence of prejudice to the defendant; and 5) the reasonableness in remaining ignorant of the particular legal requirement for filing his claim.

*Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007). These factors are not necessarily comprehensive, and not all factors are relevant in all cases. *Baden-Winterwood*, 484 F. Supp. 2d at 827 (citations omitted). It is plaintiffs' burden to demonstrate why equitable tolling is warranted. *Id.* at 826. Plaintiffs have met their burden here.

### A. Lack of Notice to Potential Class Members, Reasonableness in Remaining Ignorant, and Plaintiff's Diligence (Factors 1-3 and 5).

#### 1. Chesapeake's dilatory tactics extend the tolling period.

The Supreme Court held the benefits of a collective action depend upon potential class members "receiving accurate and <u>timely</u> notice" so that they can "make informed decisions." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (emphasis added).  Tolling is warranted because Chesapeake requested more time to collect data, more time to get authority to mediate, and rescheduled the mediation on four occasions.  The case was initially scheduled for mediation to occur before June 30, 2018. In fact, Chesapeake made this representation to the Court. ECF No. 33. It was rescheduled to August 15, 2018, because Chesapeake needed more time to obtain data and get authority. On July 27, 2018, Chesapeake's Counsel assured data was coming in about a week. *See* Exhibit 1. Because of reorganizational issues and to finish obtaining data for the Putative Class

members, mediation was rescheduled again to October 4, 2018. For these same reasons, mediation was once again rescheduled to November 12, 2018. Despite protest, Plaintiffs accommodated each of these requests in an effort to resolve the claims and based on the representation they made to the Court that the Parties would mediate. ECF No. 33.

Now, Plaintiffs seek equitable tolling so Chesapeake cannot avail itself of its own dilatory conduct by trying to steal valuable unpaid overtime from the Putative Class Members. Here, equitable tolling is warranted because of Chesapeake's multiple delays and excuses scheduling mediation.

It is well settled that "a court may equitably toll the limitations period … if affirmative misconduct on the part of the defendant lulled the plaintiff into inaction." *Verret v. Jackson Cty. Civic Action Comm., Inc.*, 172 F.3d 870 (5th Cir. 1999) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Chesapeake shouldn't be allowed to take advantage of misleading Plaintiffs for its own gain, and certainly without a chance to prove up their case in discovery. The potential Opt-ins – through no fault of their own – will be prevented from learning about the existence of this action and the ongoing expiration of their claims.

**2. Due to Chesapeake's delay, potential Opt-ins will be prevented from joining.**

Potential opt-in plaintiffs could not have diligently filed consent forms with the Court if they were unaware of their right to join the case. Only with the Court or Chesapeake's assistance in production of contact information of all potential class members and authorizing notice, is Plaintiffs' counsel able to notify all potential class members of their right to join this lawsuit. In other words, potential Opt-in Plaintiffs have not had an opportunity to act diligently because they have not been notified of the filing requirement.

It is entirely reasonable for potential class members to be unaware of the filing requirement of their claims. Potential opt-in plaintiffs may not have realized that Chesapeake misclassified them as exempt and was violating federal law when it failed to pay them overtime compensation. And, as

3

mentioned before, potential opt-ins have not received a court authorized notice that would inform them of the filing requirement.

### B.  Chesapeake Will Not be Prejudiced (Factor 4).

Chesapeake has had knowledge that Plaintiffs brought the suit as a collective action, on behalf of themselves and other similarly situated consultants paid a day-rate, since the date the complaint was filed. Indeed, Chesapeake is fully aware of the scope of its potential liability as evidenced by its exchange of data (finally) prior to mediation. And, Chesapeake has already agreed to stay the case and toll the statute of limitations once in this matter. S*truck v. PNC Bank N.A.,* 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013) (noting that the Defendant had "full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing and was fully aware of its scope of potential liability" and therefore was not "in any way prejudiced by the tolling of the FLSA's statute of limitations for potential opt-ins")(internal citations omitted); *Baden–Winterwood v. Life Time Fitness,* 484 F.Supp.2d 822, 828–29 (S.D. Ohio 2007) (defendant not prejudiced because it "had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing" and "was fully aware of its scope of potential liability"); *Gray v. Phillips Petrol. Co.*, 858 F.2d 610, 616 (10th Cir. 1988) (tolling statute of limitations where plaintiffs were lulled into inaction and defendant did not show that any "significant prejudice" would result from allowing plaintiffs to proceed; defendant was "fully apprised" of the plaintiffs' claims). Likewise, Chesapeake will not be prejudiced here because "equitable tolling will not increase the number of persons who [have] claims against the Defendants. It will simply prevent preclusion of claims based upon the delay…." *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-cv-138, 2012 WL 3263941, at *4 (E.D. Tenn. Aug. 9, 2012).

### C.  Other Courts have Granted Tolling in Cases Where Delay Could Extinguish Claims.

In other cases where delay could potentially extinguish claims of putative class members, other courts have tolled the statute of limitations. *See e.g., Struck*, 931 F. Supp. 2d 842, 846 (tolling as of the

filing of the motion for conditional certification to 60 days after notice was mailed to opt-ins); *Abadeer v. Tyson Foods, Inc.*, 2010 WL 5158873, at *1, 4 (tolling statute of limitations for putative plaintiffs); *Lee v. ABS Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (allowed tolling for the time necessary to decide pretrial motions); *Myers v. Copper Cellar Corp.*, No. 3:95-cv-541, 1996 WL 766505, at *3 (E.D. Tenn. Sept. 27, 1996) (court tolled the statute of limitations); *Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11-cv-759, 2013 WL 5177184, at *2 (S.D. Ohio Sept. 12, 2013) (S.D. Ohio Sept. 12, 2013). Courts around the country have recognized the necessity and applicability of equitable tolling. *See, e.g., McGlone v. Contract Callers, Inc.*, 2012 WL 1174722, at *6 (S.D. N.Y. Apr. 9, 2012) (holding that "[potential plaintiffs] should not be penalized due to the courts' heavy dockets and understandable delays in rulings"); *Yahraes v. Rest. Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) ("The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine."); *Baden Winterwood*, 484 F. Supp. 2d at 828 (granting equitable tolling in FLSA case).; *See also Bolletino v. Cellular Sales of Knoxville, Inc.*, 2012 WL 3263941, at *3-4 (E.D. Tenn. Aug. 9, 2012) (granting equitable tolling in FLSA case); *Israel Antonio–Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases for the proposition that "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions").

## III.    Prayer

WHEREFORE, the Plaintiffs respectfully ask the Court to Grant their Motion for Equitable Tolling from April 18, 2018 until the end of any opt-in period and for such further relief they may show themselves entitled.

Dated: November 13, 2018

/s/*Richard M. Schreiber*
**Michael A. Josephson**
Texas State Bar No. 24014780
**Richard M. Schreiber**
Texas State Bar No. 24056278
**Josephson Dunlap L.L.P.**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**Bruckner Burch, P.L.L.C.**
8 Greenway Plaza
Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

Robert E. DeRose, II
Bar No. 0055214
**Barkan Meizlish Handelman Goodin
DeRose Wentz, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
bderose@barkanmeizlish.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

/s/*Richard M. Schreiber*
**Richard M. Schreiber**

6