**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Joseph Hebert, individually and on behalf of
all others similarly situated,

     Plaintiffs,  : Case No. 2:17-cv-852

  - vs -       Judge Sarah D. Morrison
            Magistrate Judge Kimberly A. Jolson

Chesapeake Operating, Inc. and Chesapeake
Operating, LLC,
            :
     Defendants.

## ORDER

  This matter returns to the Court pursuant to the Joint Amended Motion to Approve FLSA Settlement. (ECF No. 63.) After thorough consideration of all pertinent filings, the Court finds as follows:

### Background

1. The parties previously moved the Court to approve a one-step, opt-in, common fund settlement of this matter in July 2019. (ECF No. 45.) In sum, the settlement under consideration ("Proposed Agreement"), provided that the parties agreed for purposes of settlement, the requirements for collective certification were satisfied. (ECF No. 55-1 at 2.) The Proposed Agreement attempted to settle the instant matter via a common fund of $8.55 million, the "Gross Settlement Amount." *Id*. 3. The Proposed Agreement provided that Plaintiffs' Counsel shall receive attorneys' fees in an amount of $3,420,000, which was 40% of the gross amount. *Id*. 3, 7. The Proposed Agreement specifically stated it was conditioned upon the Court's approval of the 40% fee. After proposed payments of $3,420,000 for attorney's fees, $40,000 for settlement administrative costs and a $10,000 service award for Hebert, the "Net Settlement Amount" would be $5.05 million. *Id*. 3. The Proposed Agreement established that the settlement class shall not exceed 400 members. *Id*. The Class Period for those previously opting-in was three years prior to joining the case through the date of any approval order from the Court. *Id*. 3. The Class Period for members performing work in Ohio was three years prior to the date of Hebert's Complaint through that same date. *Id*. The Proposed Agreement did not provide the formula used to arrive at each member's award; rather, the Proposed Agreement provided "[a]ll Eligible Class Members shall be paid a Settlement Award[1] from the Net

---

[1] "Settlement Award" is the payment each Eligible Class Member shall receive. (ECF No. 55-1 at 4.)

Settlement Amount." *Id*. 8. Exhibit B specified the "pro rata" net amount each class member would receive if the Proposed Agreement was approved. The average gross check amount to each class member would be $21,375. (ECF No. 55-1 at 1 n. 1.) Court approval would result in the dismissal of all Eligible and Settlement Class Members' claims, both federal and state. In addition, the Court would retain jurisdiction over the Proposed Agreement.

2. The Court conducted a hearing on the motion on August 23, 2019. Counsel confirmed at that hearing that the Proposed Agreement's viability was conditioned upon the Court's approval of the 40% attorney's fee award. In September 2019, the Court denied the motion after finding the 40% attorney's fee award to be unreasonable. (ECF No. 60.) In so holding, however, the Court concluded that the Proposed Agreement otherwise "yield[ed] a good benefit to the potential class" as the proposed class members' recovery rate would be 50%. *Id*. 9, 16. The Court further held that 33% was "typical for attorney's fees in common fund, FLSA collective actions in this District …." *Id*. 16.

3. Plaintiffs' counsel filed the instant motion on October 25, 2019. (ECF No. 63.) Therein, counsel indicate that all terms of the original Proposed Agreement remain the same, except that the parties now seek 33% of the common fund for proposed class counsels' attorney's fees. This modification results in the net award per proposed class member increasing by 11% from the prior motion to approve. *Id*. 2.

4. The Court holds that a hearing on the Amended Motion to Approve FLSA Settlement (ECF No. 63) is not required in this instance because the Court previously held a hearing and determined that the Proposed Agreement created a good benefit to the class with the higher deduction for attorney's fees, and because counsel agree that no additional hearing is necessary.

## **The Settlement is Approved**.

5. The Court approves and incorporates by reference all of the definitions contained in the Confidential Settlement Agreement and Release. (ECF No. 63-2.)

6. The Court hereby approves the $8,550,000 Gross Settlement Amount and the $5,678,500 Net Settlement Amount. Courts should approve a FLSA collective action settlement when the settlement is reached as a result of contested litigation and is a fair and reasonable resolution of a bona fide dispute among the parties. *See Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D. Ohio May 4, 2018) (approving FLSA collective settlement) (quoting *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982)).

7. Here, the Proposed Agreement meets the standards for approval. The Proposed Agreement is the result of contested litigation because Defendant denied all of Plaintiffs' allegations and Plaintiffs filed a Motion for Equitable Tolling (ECF No. 35) that Defendants opposed. The case has been pending for a year and a half, and was resolved only after the parties "engaged in months of hard-fought discovery and settlement

negotiations." (ECF No. 46 at 7.) The settlement was reached via a private mediator "after arm's length" negotiations. *Id*. This is sufficient to warrant the contested litigation moniker. *See Lauture v. A.C. Moore Arts & Crafts, Inc*., No. 17-cv-10219-JGD, 2017 U.S. Dist. LEXIS 87928, at *2 (D. Mass. June 8, 2017) (holding discovery and arm's-length negotiations with the assistance of a mediator equated to contested litigation).

8. The second element, whether the Proposed Agreement is a fair and reasonable resolution of a bona fide dispute, is also met. This portion of the analysis requires examination of the following factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13-14 (E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 631 (6th Cir. 2007)). "'The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.'" *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13-14 (quoting *Redington v. Goodyear Tire & Rubber Co*., 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008)).

9. There is no evidence of fraud or collusion. Hence, the Court "may presume that no fraud occurred and that there was no collusion between counsel." *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *20. As to the complexity of the litigation, "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (citation omitted). But, "this case appears to be a spin-off of the prior similar suits Plaintiffs' Counsel have led or participated in such that this case has not been particularly novel or complex." (ECF No. 60 at 9-10.) Turning next to the amount of discovery, "the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties." *Graybill v. Petta Enters., LLC*, No. 2:17-cv-418, 2018 U.S. Dist. LEXIS 164152, at *15 (S.D. Ohio Sep. 25, 2018) (citation omitted). The Court concludes that the "extensive" amount of informal discovery completed provided counsel with adequate information to analyze the propriety of the settlement for their clients. (ECF No. 45 at 12.) The Court "is not in a position to assess the likelihood of success on the merits because of the early stage at which this case has been resolved . . . ." *Sharier v. Top of the Viaduct, LLC*, No. 5:16-cv-343, 2017 U.S. Dist. LEXIS 35584, at *5-6 (N.D. Ohio Mar. 13, 2017). Proposed class counsel approve of the settlement, and further provide that the class representatives do as well. As this is a one-step proceeding, there are no absent class members. Lastly, resolution of disputes via agreement instead of litigation is in the public interest. *See In re Polyurethane Foam Antitrust Litig*., 168 F. Supp. 3d 985, 997 (N.D. Ohio Jan. 27, 2016).

10. The bona fide dispute requirement is also satisfied. Hebert asserts Chesapeake violated the FLSA and related state laws by failing to pay him overtime. Chesapeake denies those allegations. Hebert asserts he was not an independent contractor; Chesapeake argues he

was. Chesapeake argues that Hebert's claims are barred by the Portal-to-Portal Act, 29 U.S.C. § 259, and that Hebert is not entitled to liquidated damages. *See* ECF Nos. 17, 46. Thus, there is a bona fide dispute over liability. *See Sharier,* 2017 U.S. Dist. LEXIS 35584, at *5 (holding the bona fide dispute requirement was satisfied because "[t]he parties' divergent views of the facts would have required judicial resolution had the parties not been able to compromise their differences . . . .")

### The One-Step Settlement Procedure & Revised, Proposed Notice Are Approved.

11. A one-step settlement approval process is appropriate. *Osman*, 2018 U.S. Dist. LEXIS 78222, at *4 (approving FLSA collective action settlement in one step); *see also Castillo v. Noodles & Co*., No. 16-cv-03036, 2016 U.S. Dist. LEXIS 178977, at *1 (N.D. Ill. Dec. 23, 2016) (same); *see also Prena v. BMO Fin. Corp*., No. 15-c-09175, 2015 U.S. Dist. LEXIS 65474, *2 (N.D. IL.) (same). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the case. Consequently, "[b]ecause the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions." *Osman,* 2018 U.S. Dist. LEXIS 78222, at *4 (N.D. Ohio May 4, 2018).

12. The Revised Settlement Notice notifies the class members of the allocation formula, the steps class members must follow in order to participate, the consequences of non-participation, the actual monetary amount to which they are entitled under the settlement, the effect of cashing the check, the scope of the release, the time class members have to cash their settlement checks, and the request for attorneys' fees and costs. *Lauture*, 2017 U.S. Dist. LEXIS 87928, at *3-5. The Revised Settlement Notice communicates that information in an accurate and plain English manner. *See Michaud v. Monro Muffler Brake, Inc*., No. 12 Civ. 00353, 2015 WL 1206490, at *10 (D. Me. Mar. 17, 2015). The Revised Settlement Notice is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement. The Revised Settlement Notice is accurate, objective, and informative and provides the FLSA Class Members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

13. The revised, jointly-proposed Settlement Notice ("Revised Settlement Notice") e-mailed to the Court on September 3, 2019 and attached as Exhibit 1 to the present motion is approved with the following modifications: (1) the date of this Order shall be entered on page 2; (2) 33% shall be added on page 3; (3) the Settlement Administrator's phone number shall be included on page 3; and (4) the statement about the ability to access a file at the Clerk's office shall be removed and replaced with the following language: "You may access all court filings regarding this matter by visiting http://www.pacer.gov, selecting the United States District Court for the Southern District of Ohio and entering 17cv-852 as the case number."

14. The parties' proposed plan for mailing the Revised Settlement Notice is approved.

### The Service Award is Approved.

15. Numerous courts have authorized incentive awards as "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003); *see also Waggoner v. U.S. Bancorp*, No. 5:14-cv-1626, 2016 U.S. Dist. LEXIS 179843, at *12 (N.D. Ohio Dec. 29, 2016) (awarding FLSA plaintiffs $10,000 in service awards).

16. Here, Hebert provided the factual basis for the lawsuit while risking retaliation from current or future employers. (ECF No. 46 at 20-21.) For these reasons, the $10,000 service award to Mr. Hebert is approved.

### The Court Approves CPT, Inc. as Settlement Administrator.

17. The Court appoints CPT, Inc. as Settlement Administrator. The Court authorizes CPT, Inc. to mail the Notice to the Class Members as provided in the Proposed Agreement.

18. The Court **ORDERS** that CPT's fees and costs associated with this action shall be paid from the Gross Settlement Fund and its fees and costs shall be capped at $40,000.

### The Court Appoints Class Counsel.

19. Appointment of class counsel is governed by Fed. R. Civ. P. 23(g). *See Smith v. Generations Healthcare Servs. LLC*, No. 2:16-CV-807, 2017 U.S. Dist. LEXIS 106583, at *20 (S.D. Ohio July 11, 2017) (noting appointment of interim class counsel in FLSA collective action is governed by Fed. R. Civ. P. 23(g)) (citing *Ross v. Jack Rabbit Servs.*, LLC, No. 3:14-CV-00044-TBR, 2014 U.S. Dist. LEXIS 72950, at *14-15 (W.D. Ky. May 29, 2014)).

20. Upon reviewing the Joint Motion for Approval, the Joint Amended Motion to Approve FLSA Settlement and the pertinent exhibits thereto, the Court is satisfied that Josephson Dunlap, LLP and Bruckner Burch, PLLC meet the requirements of Rule 23(g). Hence, the Court appoints Josephson Dunlap, LLP and Bruckner Burch, PLLC as Class Counsel for purposes of settlement.

### The Court Awards 33% of the Gross Settlement Amount as Attorney's Fees.

21. Plaintiffs' Counsel seeks as their attorney's fees 33% of the common settlement fund. The Sixth Circuit Court of Appeals requires that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances. *Rawlings v. Prudential-Bache Props.*, 9 F.3d 513, 516 (6th Cir. 1993) (citing *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983)). "A reasonable fee is 'one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897

(1984)). There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both approaches. *Rawlings*, 9 F.3d at 515-16. In this case, Plaintiffs seek approval under the percentage method. "Courts readily approve the percentage-of-the-fund method when a plaintiff obtains an exceptional result and avoids extended litigation time and costs." *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989, at *7 (N.D. Ohio June 15, 2010) (approving one-third of the common fund as attorneys' fees).

22. When determining whether a certain percentage is reasonable, the Court considers: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

23. The value of the benefit rendered to the class is significant. The Net Settlement Smount is $5,678,500 and the average net amount each class member will receive is $14,055.69. Class members receive a sum certain while bypassing the delay, risks and costs of continued litigation. As to the value of service rendered, Plaintiffs' Counsel provide the Court with no information relative to the hourly value of their services. The services were, however, undertaken on a contingency basis. This supports the reasonableness of the attorneys' fees award being sought here. *Gentrup v. Renovo Servs.*, LLC, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) (finding that plaintiffs' counsel making "significant investments of time" without compensation weighed in favor of granting attorney fees). Next, society's stake in rewarding attorneys engaged in FLSA supports the fee award. Indeed, Plaintiffs' Counsel recovered damages for 400 individuals who, most likely, would not have been able to bring individual suits on their own behalf. "Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own." *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *29 (S.D. Ohio May 30, 2012) (citation omitted). Regarding the intricacy of the instant action, "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart*, 2014 U.S. Dist. LEXIS 94450, at *18 (citation omitted). However, the Court previously noted that "this case appears to be a spin-off of the prior similar suits Plaintiffs' Counsel have led or participated in such that this case has not been particularly novel or complex." (ECF No. 60 at 9-10.) Thus, this factor is neutral. Lastly, Class Counsel have a history of regularly litigating complex FLSA cases. The sixth and final factor therefore weighs in favor of granting the award.

24. In sum, a majority of the *Ramey* factors counsel that the requested attorney's fees award of $2,821,500, which is 33% of the common fund, is reasonable. Additionally, 33% is typical for attorney's fees awards in common fund, FLSA collective actions in this

6

District. *See* ECF No. 60 at 13-16. The Court holds that an attorney's fee award of 33% of the common fund is reasonable in this instance.

### Dismissal and Post-Judgment Procedure

25. The Court approves the full and final extinguishment of the Released Federal Law Claims and Released State Law Claims of the Class Members as set forth in the Proposed Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA. The Court **ORDERS** that this lawsuit and claims asserted therein be dismissed with prejudice as of the date of this Order.

26. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including oversight as to the distribution of settlement funds.

27. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

28. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this litigation shall constitute, be construed to be, or be admissible in this litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or comparable state laws or rules, (b) of an adjudication of the merits of this litigation, (c) an adjudication of any of the matters subject to the Releases in the Settlement Agreement, (d) that any party has prevailed in this case, or (e) that Defendants or the Released Parties have engaged in any wrongdoing.

29. The Joint Amended Motion to Approve FLSA Settlement (ECF No. 63) is **GRANTED.**

    **IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**